## Rankin v. Harlan Retreading Co.

Oct. 27, 1944.

R. S. Rose and R. L. Pope for appellant.

Joe Asher for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On and prior to October 15, 1943, the appellee, Harlan Retreading Company, a partnership, was engaged in the retail business of selling gasoline and other articles necessary in the operation of motor vehicles.

The appellant, and plaintiff below, Milton Rankin, on or about October 10th or 11th of that same year purchased from defendant, or some one at its place of business, some cement material used in the repairing of motor vehicle tires. Plaintiff purchased two quarts of it carrying them to his home in sealed glass jars. On the night of the 15th (four or five days after his purchase) at about 8:30 P. M. he attempted to re-

pair one of his tires which had a hole in it, the repairing consisting in cleaning the tire, then spreading some of the material on a cap, or on the tire upon which the cap was to be placed, over the hole. In the meantime he had brought into the room where he was at work a jar of his purchased material and placed it within about three feet of a hot stove, as was also the tire he contemplated repairing. When he got his tire and cap ready to receive the cement (the material he had purchased), he testified that he opened the can in which it was contained, and it in a second or so became ignited (spontaneously as he stated) and later and almost immediately exploded, whereby his house was set on fire and destroyed both his dwelling and household furniture, bedding and clothing. So much is the substance of the testimony given by plaintiff in the circuit court.

Within seven days after the fire plaintiff filed this action in the Harlan circuit court against defendant to recover damages for the loss of the contents of the dwelling, the value of which he fixed in his petition in the sum of $1,500, for which amount be prayed judgment. The answer was a denial of the material averments of the petition, and on the issues thus made the case went to trial with a verdict for defendant. Plaintiff's motion for a new trial was overruled, from which and the judgment pronounced thereon he prosecutes this appeal.

Defendant demurred to the petition which the court overruled, to which it excepted. Only two grounds were incorporated in the motion for a new trial as material errors authorizing a reversal of the judgment, which are: (1) Error in the admission and rejection of evidence, and (2) erroneous instructions given by the court, and its refusal to give alleged proper instructions offered by plaintiff. The first ground is not relied on in brief of appellant's counsel. But if it had been we find nothing in the record to sustain it. The second ground will be disposed of later.

The demurrer to the petition was properly overruled. It stated as grounds for recovery, "He says he had bought and was carefully using a can of substance known as tire mending material for tire mending material, and was at home in said house where all the above property was. Said can of substance caught

on fire and exploded.'' He then alleged that the substance was dangerous, which was known to the defendant, and that defendant did not notify or warn him of such danger and because of which it was guilty of negligence entitling him to maintain the action. Nowhere in his petition, or other pleading of plaintiff, did he allege that the material he bought from defendant was not a cement substance or material manufactured, used and sold to him by defendant for the purposes to which he intended to apply it, and for which reason all of the evidence and contentions made in brief to the effect that defendant sold to him a different substance which was inherently dangerous and not intended to be used in mending motor vehicle tires, eliminates from the case all such contentions. Neither did the court in its instructions, nor plaintiff in one offered by him, submit any such issue.

There is no evidence that the material purchased by plaintiff from defendant was inherently dangerous, except his testimony that the receptacle in which it was contained, while it was resting within three feet of the hot stove, became ignited and exploded, which, perhaps, would be evidence of that fact under the ipsa loquitur doctrine; but there is no testimony in the record that defendant was aware of such danger, or possessed knowledge of any facts tending to inspire any such belief. On the contrary, it was proven by defendant that the tire mending material would not ignite, except upon contact. with fire, and which had been proven by its use by customers of defendant for a long period of time who had bought it and used it for the purpose for which it was manufactured.

Defendant also proved, which was not denied, that it bought at least some of the substance from the wholesaler contained in fifty gallon barrels, but it also carried cement for the same purpose in smaller cans, and plaintiff, who stated that the substance he bought was poured out of a can instead of being obtained from a fifty gallon barrel, in describing it, gave the identical description of it that was given by defendant, which was that it was of the same consistency (i.e., similar to molasses or melted tar) and was of the same color as that described as contained in the fifty gallon barrel. But if there had been sufficient evidence tending to show that defendant sold to plaintiff a different substance from that called for by him and which was inherently

dangerous, the jury necessarily found that no such mistake was made by defendant, even if such negligent act had been relied on in plaintiff's pleading, which, as we have seen, was not done.

In such state and condition of the record we turn to the law applicable thereto. The text in 22 Am. Jur. 196, sec. 72, says: "There is a difference between the liability of a manufacturer of explosives and the liability of a dealer with respect to the duty to give notice of danger. But no difference with respect to liability exists between the merchant who buys from the manufacturer and the merchant who sells directly to the consumer. If a dealer or merchant, whether he is a wholesale dealer or a retail dealer, or the original purchaser of the article, or the person who makes the sale to the consumer, knows that the article is inherently or imminently dangerous in the use for which it is intended because of its inflammable or explosive qualities, it is his duty to label or mark the package containing the article in such a way as to indicate its dangerous contents. The dealer who purchases and sells an article not inherently dangerous which is in common and general use, without knowledge of its tendency to explode, is not under a duty to discover whether it is dangerous or not."

One of a number of authorities cited in support of that text is the case of Peaslee-Gaulbert Company v. McMath's Adm'r, 148 Ky. 265, 146 S. W. 770, 774, 39 L. R. A., N. S., 465, Ann. Cas. 1913 E, 392. Others are from foreign courts and text writers. The McMath case was an action by a servant of the purchaser of the alleged explosive who obtained it from appellant in that case, and it was contended that the wholesaler was liable in damages to the injured servant, McMath. But our opinion held otherwise, and we reversed the judgment. In doing so we discussed the liabilities of the seller of articles or materials, inherently dangerous, and said inter alia: "If a dealer or merchant, whether he be a wholesale dealer or a retail dealer, or the original purchaser of the article, or the person who makes the sale to the consumer, knows that the article is inherently or imminently dangerous in the use for which it is intended, because of its inflammable or explosive qualities, it is his duty to label or mark the package containing the article in such a way as to indicate its dangerous contents. But the dealer who purchases and sells an article

in common and general use in the usual course of trade and business, without knowledge of its dangerous qualities, is not under a duty to exercise ordinary care to discover whether it is dangerous or not."

We have been unable to find any text or case in conflict with the McMath case, and the cited text from American Jurisprudence. Applying that law to the facts of this case as presented by the record—including, of course, the proof heard at the trial—it is obvious that the court erred in not sustaining defendant's motion for a peremptory instruction in its favor, which was sought at the close of plaintiff's testimony and also at the close of all the testimony introduced at the trial.

On the issue as to how the fire started plaintiff was contradicted in more or less substantial form by three witnesses, one of whom he introduced, and whose name was Birchell Roark, a close neighbor of plaintiff. He visited the scene of the fire shortly after it started, and he testified that: "Mr. Rankin said he was fixing his tire in the house and was putting some glue on it and —well I couldn't make exactly the words he said, that he was patching the tire with some glue, and that it catched afire, and it flamed up and catched the house on fire, and that he kicked it out, or rolled it out and it was down to the creek."

Another neighboring witness was Fred Haddox, who was also at the fire, and he testified: "I asked him how come his house to catch fire and he told me, 'More or less carelessness, I guess, Fred, I had the tire in front of the stove and I went to kick the tire and that stuff splattered on the wall and set the paper afire.'"

The third witness was Henry Daniel, who was also at the fire, and he testified:

" I heard him (plaintiff) say he was fixing a tire and it caught on fire and it caught the paper is all I heard him say. (Our parenthesis)

"Q. Said there was an explosion? A. Started to kick it out and it caught on fire, he said, the paper caught on fire.

"Q. Did Milton Rankin say he started to open a can and before he got the lid off it exploded? A. No, sir, I didn't hear him—no, sir."

That testimony clearly tended to contradict that given by the plaintiff, although he denied having made such statements. Nevertheless the jury was authorized to consider such contraditions and from the other evidence in the case to find that the material purchased by plaintiff from defendant was not an explosive which was inherently dangerous requiring notice from the seller to the purchaser. Other points discussed in brief of plaintiff's counsel are irrelevant in the case developed by the record. We therefore conclude that—waiving the defects in plaintiff's pleading referred to—no reversible error appears in the record. Our expressed conclusions render it unnecessary to discuss or determine the alleged error of rejecting offered instructions or those contained in the instructions 'that were given.

Wherefore, for the reasons stated, the judgment is affirmed.

The whole court sitting.